**A.Y. STRAUSS LLC**
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
101 Eisenhower Parkway, Suite 412
Roseland, New Jersey 07068
Tel. (973) 287-5006
Fax  (973) 226-4104

*Special Counsel to Andrea Dobin*
*Chapter 11 Trustee*

## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| Andrea Dobin, the Chapter 11 Trustee of Frutta Bowls Franchising, LLC, | Case No.: 21-cv-(_____) |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| Berkowitz Lichtstein Kuritsky, Giasullo & Gross, LLC and Eric Melzer, | |
| Defendants. | |

Andrea Dobin, as Chapter 11 Trustee (the "***Trustee***" or "***Plaintiff***") of Frutta Bowls Franchising, LLC (the "***Debtor***"), by and through her undersigned counsel, as and for her Complaint herein, respectfully alleges and represents to this Court as follows:

## NATURE OF THE CASE

1.      This is an action for legal malpractice, breach of contract, unjust enrichment, and breach of fiduciary duty brought by the Plaintiff against Defendants Berkowitz Lichtstein Kuritsky, Giasullo & Gross, LLC ("***BLKGG***"), and Eric Melzer ("***Mr. Melzer***"), an attorney employed by BLKGG  (BLKGG and Mr. Melzer collectively also referred to as "***Defendants***").  At all times and in all circumstances referenced herein, Mr. Melzer acted on behalf of his employer, BLKGG, which is liable for his conduct

directly and based on the doctrine of *respondeat superior.*

2.     The Defendants rendered incorrect, inaccurate advice and services in connection with the rules and regulations governing the selling of franchises – resulting in the demise of the Debtor and its affiliated corporate entity, Frutta Bowls LLC ("***Frutta Bowls***").

3.     Plaintiff estimates the amount of damages suffered to be in the millions of dollars, an exact amount to be evidenced at trial.

## PARTIES

4.     Plaintiff is an individual appointed as the trustee in the Debtor's chapter 11 bankruptcy case titled *In re Frutta Bowls Franchising, LLC*, Case No. 19-13230 (MBK), currently pending in the United States Bankruptcy Court for the District of New Jersey (Trenton) (the "***Chapter 11 Case***").

5.     The Debtor is a New Jersey limited liability company which, at the time of the filing of its chapter 11 case, had its principal assets and main operations in Freehold, New Jersey.

6.     Upon information and belief, Defendant BLKGG is a law firm with its main office located at 75 Livingston Avenue, Roseland, New Jersey 07068.

7.     Upon information and belief, Defendant Eric Melzer holds the title of "Partner" and is an attorney at BLKGG's New Jersey Office.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 as such action is "related to" the Chapter 11 Case.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## RELEVANT FACTS

**A.    Establishment of Frutta Bowls LLC**

10.    In or about February of 2016 Brooke Gagliano ("*Ms. Gagliano*") and Patrick Gagliano ("*Mr. Gagliano*") –created Frutta Bowls LLC ("*Frutta Bowls*") – the frontrunner of the Debtor in this Chapter 11 case.

11.    Frutta Bowls' concept was to develop a "fruit bowl" and smoothie eatery.

12.    Upon information and belief, at the time of the filing of the Debtor's chapter 11 case, Ms. Gagliano owned 100 percent of Frutta Bowls.

13.    Upon information and belief in or around May of 2016, Frutta Bowls opened its first location in Howell, New Jersey.

**B.    Frutta Bowls Franchising LLC**

14.    Upon information and belief, in response to demand for more locations, Ms. Gagliano and her father Mr. Gagliano formed the Debtor – Frutta Bowls Franchising LLC – with the intention of selling franchises to owner-operators across the country.

15.    As of the filing of the Debtor's chapter 11 case, the Debtor was owned by Ms. Gagliano and Mr. Gagliano with Ms. Gagliano holding 57% of the equity in the Debtor and Mr. Gagliano holding the remaining 43%.

16.    As of the filing of the Debtor's chapter 11 case, the Debtor had executed 87 franchise agreements with 47 open outlets and 40 franchise agreements for stores that had not yet opened.

**C.    Debtor's Demise**

17.    The Debtor began experiencing trouble near inception when an associate of Mr.

Gagliano, Justin Bitner, retained the Defendants on behalf of the Debtor.

18.     That engagement was memorialized in the terms of a certain engagement letter between BLKGG (signed by Mr. Melzer) and the Debtor (singed by Ms. Gagliano) dated in or around September 2016.

19.     Upon information and belief, BLKGG advertises that Eric Melzer is experienced in handling franchise matters.

20.     Upon information and belief, the Debtor engaged Defendants for legal services to ensure that it and Frutta Bowls and their respective officers and/or directors complied with the complex rules and regulations of selling franchises.

21.     Upon information and belief, the Defendants failed to properly advise the Debtor and often gave advice that was in complete contravention of the complex rules and regulations that franchisors must be in compliance with as part of its ongoing business operations including but not limited to soliciting potential franchisees.

22.     Upon information and belief, Defendants failed to advise the Debtor and its officers and/or directors of the complex rules and regulations that franchisors must be in compliance with as part of its ongoing business operations including but not limited to soliciting potential franchisees.[1]

23.     Upon information and belief, franchise marketing and transactional documents did not meet applicable legal and regulatory requirements.

24.     Upon information and belief, the Defendant's failure to properly advise the Debtor

---

[1] In addition to federal franchise laws and regulations, franchise laws vary from state to state.  It Is a franchise attorney's responsibility to be aware of the laws in each jurisdiction that Its client seeks to do business.

and its officers and/or directors of the complex rules and regulations that franchisors must be in compliance with as part of its ongoing business operations including but not limited to soliciting potential franchisees was the actual and proximate cause of the Debtor's breach of the fundamental rules and regulations governing franchise relationships.

25.     The Debtor had no idea that these rules existed – as it was never advised of such by its counsel – Mr. Melzer or BLKGG.

26.     On or about November 14, 2017, Ms. Gagliano met with Tom Spadea of the Spadea Lignana firm regarding a potential lease that one of the Debtor's franchisees was about to execute in Maryland.   Spadea Lignana is a firm that collectively has over 100 years of franchise law experience.  At that meeting, Mr. Spadea began asking questions regarding the Debtor's franchise law compliance practices.  Ms. Gagliano requested that Mr. Spadea review the Debtor's franchise documents including its Franchise Disclosure Document.   Almost immediately, Mr. Spadea explained to Ms. Gagliano that there were potentially fatal issues with the documentation and information being provided to potential franchisees.

27.     Following that meeting, the Debtor terminated its relationship with the Defendants and engaged Mr. Spadea's firm in an attempt to fix many of the issues caused by Defendants' inadequate and incorrect representation of the Debtor.

28.     Once retained, the Spadea Lignana firm immediately worked to assist with damage control with respect to preexisting franchisee matters, and also revamped the entire engagement process guided by regulatory requirements that it is abundantly familiar with based upon the nature of its regular legal services to its clients.

29.     While Mr. Spadea was able to curtail some of the damage too much damage had already occurred resulting from the Defendants inadequate representation of the Debtor that simply

could not be fixed.

30.     As a result of the Defendants' inadequate representation of the Debtor, in and around the latter half of 2018, the Debtor received a demand letter from a franchisee who had signed on during the early franchise regime established by the Defendants. The demand letter asserted hundreds of thousands of dollars in damages. This was the first of upwards of potentially 15-20 similar demands, which in total destroyed the viability of the Debtor and led to the Debtor's ultimate filing of the Chapter 11 Case on February 15, 2019.

31.     Upon information and belief, during the course of the Defendants' engagement with the Debtor and Frutta Bowls, the Defendants earned approximately $80,000 in legal fees.

## COUNT ONE
### (Legal Malpractice)

32.     Plaintiff repeats and realleges the allegations contained in all of the preceding paragraphs as if fully set forth herein.

33.     In providing the advice and associated legal services described above, Defendants were required to adhere to the applicable standard of care relating to the advice and other professional services they provided to and for the benefit of the Debtor and Frutta Bowls.

34.     The standard of care required accurate and complete legal advice that took account of the specific rules and regulations regarding selling franchises, including but not limited to prohibitions that apply to franchisors when marketing and selling franchises.

35.     Further, it required apprising the Debtor and Frutta Bowls along with their respective officers and/or directors of all such consequences before implementing this advice.

36.     Defendants breached the applicable standard of care by providing negligent legal advice, and by negligently undertaking legal services to implement this advice by failing to

properly advise the Debtor and Frutta Bowls along with their respective officers and/or directors of the complex rules and regulations that franchisors must be in compliance with as part of its ongoing business operations including but not limited to soliciting potential franchisees.

37.     As a direct and proximate result of Defendants' professional malpractice and negligence, the Debtor and Frutta Bowls have suffered leaving the Debtor with no choice but to seek relief under Chapter 11 of the Bankruptcy Code.

## COUNT TWO
### (Breach of Contract)

38.     Plaintiff repeats and realleges the allegations contained in all of the preceding paragraphs as if fully set forth herein.

39.     The Debtor and Frutta Bowls engaged the Defendants pursuant a certain engagement letter in or around September 2016.

40.     Implied in that engagement letter is that the Defendants would provide competent legal advice and services to the Debtor and Frutta Bowls.

41.     As set forth above, Defendants' advice to the Debtor and Frutta Bowls was wrong, incomplete or otherwise inaccurate.

42.     The provision of such advice by the Defendants to the Debtor and Frutta Bowls was a breach of Defendants' agreement with same.

43.     Defendants' breach resulted in damages proximately caused by Defendants.

## COUNT THREE
### (Unjust Enrichment)

44.     Plaintiff repeats and realleges the allegations contained in all of the preceding paragraphs as if fully set forth herein.

45.     During the course of the Defendants' engagement with the Debtor and Frutta

Bowls, the Defendants earned approximately $80,000 in legal fees.

46. The Defendants' wrong, inaccurate and improper legal advice and services to the Debtor was the proximate cause of the demise of the Debtor and Frutta Bowls' business.

47. Permitting Defendants to retain fees earned during the engagement would be unjust, and accordingly, such fees should be disgorged.

## COUNT FOUR
(Breach of Fiduciary Duty)

48. Plaintiff repeats and realleges the allegations contained in all of the preceding paragraphs as if fully set forth herein.

49. Defendants, as attorneys rendering legal services to the Debtor and Frutta Bowls, owed such parties a fiduciary duty of care and loyalty. This duty included providing non-negligent advice to such parties that adhered to the applicable standard of care.

50. Defendants breached their fiduciary duty to the Debtor and Frutta Bowls as described above, resulting in damages proximately caused by Defendants' breach of their duties.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request the following:

(i) Judgment under Count One in favor of Plaintiff against Defendants in an amount to be proven at trial but in no event less than $1,000,000;

(ii) Judgment under Count Two in favor of Plaintiff against Defendants in an amount to be proven at trial but in no event less than $1,000,000;

(iii) Judgment under Count Three in favor of Plaintiff against Defendants in an amount to be proven at trial but in no event less than $80,000;

(iv) Judgment under Count Four in favor of Plaintiff against Defendants in an amount to be proven at trial but in no event less than $1,000,000;

    (v)      Pre-judgment interest to the extent permitted by law;

    (vi)     Post-judgment interest to the extent permitted by law;

    (vii)    Plaintiff's reasonable costs, attorneys' fees, and disbursements in enforcing

its rights in this action to the extent permitted by law; and

    (viii)   Such other and further relief as this Court may deem just and proper.

Dated: August 31, 2021
      Roseland, NJ

**A.Y. STRAUSS LLC**

By:_____
Eric H. Horn, Esq.
Heike M. Vogel, Esq.
101 Eisenhower Parkway, STE 412
Roseland, New Jersey 07068
Tel. (973) 287-5006
Fax (646)374-3020

*Special Counsel to Andrea Dobin*
*Chapter 11 Trustee*